### 37100. BROOKS et al. v. MALONE.

JORDAN, Chief Justice.

Tyrone Brooks and others, as citizens and electors of Fulton County, Georgia, brought this quo warranto proceeding against Thomas C. Malone, Jr., alleging that since July 1, 1979, Malone had been unlawfully holding and usurping the powers of Supervisor of Elections of Fulton County. They prayed that the office be declared vacant and appeal from the order of the trial court holding that "Thomas C. Malone, Jr. is lawfully holding the office of Supervisor of Elections for Fulton County, Georgia."

It is undisputed that Malone was appointed Elections Supervisor by the Board of Commissioners of Fulton County as of July 1, 1975, and that he has continued in that capacity since that time. The thrust of the complaint is that the Supervisor of Elections serves only a two year term, as do the members of the Board of Elections, and that since no appointment of a Supervisor was made on July 1, 1977, and on July 1, 1979, the office must be declared vacant. To meet this contention, we must examine the statute applicable to the appointment of the Elections Supervisor.

The applicable law is an Act creating a County Board of Elections in certain counties (those having a population according to

the 1960 census of over 500,000) which includes Fulton. (Ga. L. 1967, p. 3211.) Various sections of that act specify that the Board shall be composed of five members, electors of the county, appointed by the governing authority under the provisions of the act, to "serve for a term of two years and until his successor is appointed and qualified, . . ."

That statute, as amended by an Act approved April 18, 1975 (Ga. L. 1975, p. 4512) relating to the Elections Supervisor, provides as follows:

"Section 11. There shall be a chief administrative officer of the board who shall be appointed by the governing authority of the county upon the recommendation of the board of registration and elections and shall be designated 'elections supervisor' and he shall have such duties and functions in regard to elections as may be prescribed by the board. The elections supervisor shall be an elector of the county. Provided, however, all registration of voters shall be done by the registrars of said county in accordance with the Georgia Election Code (Ga. L. 1964, Ex. Sess., p. 26) as amended."

It is noted that this is the only section of the Act dealing with the appointment and qualifications of the Elections Supervisor. It is clear that the Act does not specify a term for this office. It is immaterial to this proceeding that the Act specifies two year terms for members of the board of elections or that the Board of Registrars of Fulton County have four year terms or "serve at the pleasure of the governing authority of the county." The appellants concede that no one else has been appointed to the position of Elections Supervisor since appellee's appointment in July, 1979. His appointment therefore continues until there is another appointee to this position under the provisions of the Act.

Even if the Act had specified a term of office for the Elections Supervisor, the appellee would be entitled to hold the office until his successor was appointed and qualified. Code Ann. § 89-105.

For the above stated reasons, the trial court did not err in holding that the appellee was lawfully holding the office of Elections Supervisor for Fulton County.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 1981.

*Wyman C. Lowe,* for appellant.
*John Tye Ferguson,* for appellee.